1  BOWMAN AND BROOKE LLP
   Brian Takahashi (SBN: 146505)
2  Kurt W. Beyerchen, Jr. (SBN: 280282)
   970 West 190th Street, Suite 700
3  Torrance, California 90502
   Tel No.:     310/ 768-3068
4  Fax No.:    310/ 719-1019
   E-mail: brian.takahashi@bowmanandbrooke.com
5  E-mail: kurt.beyerchen@bowmanandbrooke.com

6  Attorneys for Defendant
   WHIRLPOOL CORPORATION

7

8            UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

10

11  EMMY PADILLA, a minor by and        CASE NO.: 5:15-CV-538
    through her guardian ad litem,
12  CONSUELO PADILLA, and               (Removed from Los Angeles Superior
    CONSUELO PADILLA,                   Court – Case No. CIVDS105094
13  Individually,
                                        NOTICE OF REMOVAL TO THE
14               Plaintiff,             UNITED STATES DISTRICT COURT
                                        FOR THE CENTRAL DISTRICT OF
15       vs.                            CALIFORNIA – EASTERN DIVISION
                                        UNDER 28 USC 1441(a) DIVERSITY;
16  WHIRLPOOL CORPORATION, A            DECLARATION OF KURT W.
    Delaware Corporation, and DOES      BEYERCHEN, JR.; EXHIBITS "A"-"B"
17  1 through 100, Inclusive,
                                        Action Filed:    January 13, 2015
18               Defendants.            Trial:           None

19

20      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

21  THE CENTRAL DISTRICT OF CALIFORNIA:

22      NOW COMES Defendant Whirlpool Corporation ("Whirlpool"), by and

23  through its attorneys, Brian Takahashi and Kurt Beyerchen, Jr. of Bowman

24  and Brooke, LLP, and hereby respectfully files the Notice of Removal of

25  this action to the United States District Court for the Central District of

26  California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The basis for

27  removal is as follows:

28  / / /

1.     On January 13, 2015, Plaintiffs filed their Complaint captioned *EMMY PADILLA, a minor by and through her guardian ad litem, CONSUELO PADILLA, and CONSUELO PADILLA, Individually v. WHIRLPOOL CORPORATION Does 1 through 100*, Case No. CIFDS1500094 in the Superior Court of California, County of San Bernardino alleging product liability, breach of express and implied warranties, and negligent infliction of emotional distress against Whirlpool Corporation.  Whirlpool Corporation was served with a copy of Plaintiffs' Summons and Complaint on February 19, 2015 through its designated agent for service of process, Corporation Service Company.  A true and correct copy of Plaintiff's Complaint and all process received is attached as **Exhibit "A"** to the Declaration of Kurt W. Beyerchen, Jr.

2.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one which may be removed to this Court by defendant JLRNA pursuant to 28 USC § 1441(a) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs:

3.     **Diversity:** The basic requirement in diversity cases is that all Plaintiffs be of different citizenship than all defendants.  Any instance of common citizenship prevents federal diversity jurisdiction.  For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled.  <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983).  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d. 853, 857 (9th Cir. 2001).  A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

11691038v1

2

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION UNDER 28 USC 1441(a) DIVERSITY; DECLARATION OF KURT W. BEYERCHEN, JR.; EXHIBITS "A"-"B"

4.    For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. <u>Strotek Corporation v. Air Transport Association of America</u>, 300 F.3d 1129, 1131 (9th Cir. 2002). A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..." 28 USC §1446(b)(3).

5.    According to the Complaint, Plaintiffs are residents of Ontario, California. (<u>See</u> **Exhibit A, Complaint, ¶ 5**)

6.    At the time of both the filing of Plaintiff's Complaint and this Notice of Removal, Defendant Whirlpool is and was a Delaware corporation with its principal place of business located at 2000 M-63, Benton Harbor, Michigan.  Thus, for jurisdictional purposes, Defendant Whirlpool is a citizen of both Delaware, its state of incorporation, and Michigan, where its principal place of business is located.

7.    Accordingly, complete diversity exists as of the time the action was commenced in state court and at the time of removal, and there are no other named defendants that can defeat diversity.  "Doe" defendants may be ignored for removal purposes.  See, <u>Salveson v. Western State Bank Card Assn.</u>, 731 F.2d 1423 (9th Cir. 1984)

8.    **Amount in Controversy:** Plaintiffs are demanding an amount in controversy, exclusive of interests and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332(a).  In total, Plaintiffs are seeking $1,000,000 in general damages and $100,000 in past and future medical expenses. (True and correct copies of Plaintiffs' Statements of Damages are attached as **Exhibit "B"** to the Declaration of Kurt W. Beyerchen, Jr.)

11691038v1

3

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION UNDER 28 USC 1441(a) DIVERSITY; DECLARATION OF KURT W. BEYERCHEN, JR.; EXHIBITS "A"-"B"

1      9.    Defendant Whirlpool is providing Plaintiffs with written

2  notification of the Notice and is concurrently filing a copy with the Superior

3  Court of California, County of San Bernardino, pursuant to 28 U.S.C. §

4  1446(a) and (d).

5      10.    Under 28 U.S.C. § 1441, a defendant may remove the action to

6  the district court of the United States for the district and division embracing

7  the place where the action is pending.  Plaintiffs filed their Complaint in

8  San Bernardino County, California and thus this case is removable to the

9  United States District Court for the Central District of California, Eastern

10  Division.

11      WHEREFORE, Defendant Whirlpool Corporation hereby removes

12  this action from Superior Court of California, County of San Bernardino,

13  Case No. CIVDS1500094, to the United States District Court for the

14  Central District of California, Eastern Division.

15  DATED: March **20**, 2015        BOWMAN AND BROOKE LLP

16

17      By

18                  Brian Takahashi
                Kurt W. Beyerchen, Jr.

19                  Attorneys for Defendant,
                WHIRLPOOL CORPORATION

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT
OF CALIFORNIA – EASTERN DIVISION UNDER 28 USC 1441(a) DIVERSITY; DECLARATION OF
KURT W. BEYERCHEN, JR.; EXHIBITS "A"-"B"

## <u>DECLARATION OF KURT W. BEYERCHEN, JR.</u>

I, Kurt W. Beyerchen, Jr., declare as follows:

1.     I am an attorney admitted to practice before all courts of the State of California and the Central District Court.  I am an attorney employed by Bowman and Brooke LLP, attorneys of record for Jaguar Land Rover North America, LLC ("JLRNA").  I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.     This declaration is offered in support of JLRNA's Notice of Removal to the United States District Court for the Central District of California Under 28 U.S.C. Section 1441(2).

3.     A true and correct copy of Plaintiffs' Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, and the Notice of Service of Process received by JLRNA is attached hereto as Exhibit "A."

4.     True and correct copies of Plaintiffs' Statements of Damages are attached hereto as Exhibit "B."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __20th__ day of March, 2015 at Torrance, California.


Kurt W. Beyerchen, Jr., Declarant

11691038v1

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION UNDER 28 USC 1441(a) DIVERSITY; DECLARATION OF KURT W. BEYERCHEN, JR.; EXHIBITS "A"-"B"

# EXHIBIT A



**DATE RECEIVED**

FEB 20 2015

**LAW DEPARTMENT**

## Notice of Service of Process

MWM / ALL
Transmittal Number: 13485150
Date Processed: 02/19/2015

| Primary Contact: | Ms. Garnet Chapin MD 3604<br>Whirlpool Corporation Global Headquarters<br>2000 North M 63<br>Benton Harbor, MI 49022 |
|---|---|

| Entity: | Whirlpool Corporation<br>Entity ID Number 2580391 |
|---|---|
| Entity Served: | Whirlpool Corporation |
| Title of Action: | Emmy Padilla vs. Whirlpool Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | San Bernardino County Superior Court, California |
| Case/Reference No: | CIVDS1500094 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 02/19/2015 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Robert Mansell<br>323-466-4900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**SU( )ONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** WHIRLPOOL CORPORATION, A Delaware
*(AVISO AL DEMANDADO):* Corporation, and DOES 1 through
100, Inclusive

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 5 2015

By _____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** EMMY PADILLA, a minor
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* by and through her
guardian ad litem, CONSUELO PADILLA, and CONSUELO
PADILLA, Individually

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): CIVDS1500094 |

SAN BERNARDINO SUPERIOR COURT
247 WEST THIRD STREET
SAN BERNARDINO, CA 92415-0210
SAN BERNARDINO DISTRICT

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
ROBERT MANSELL, SBN 128498                323-466-4900
MANSELL & MANSELL, APC
1645 N. VINE STREET, SUITE 306
LOS ANGELES, CA 90028

DATE:     JAN 1 5 2015          Clerk, by    **SHANNON PRATT**          , Deputy
(Fecha)                         (Secretario)                           (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

SCANNED

CIV-010

ATTORNEY (Name, State Bar number, and address):
ROBERT MANSELL, SBN 128498
MANSELL & MANSELL, APC
1645 N. VINE STREET
SUITE 306
LOS ANGELES, CA 90028
TELEPHONE NO.: 323-466-4900     FAX NO. (Optional): 323-466-4999
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): EMMY PADILLA, a minor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 WEST THIRD STREET
MAILING ADDRESS: 247 WEST THIRD STREET
CITY AND ZIP CODE: SAN BERNARDINO, CA 92415-0210
BRANCH NAME: SAN BERNARDINO DISTRICT - CIVIL DIVISION

PLAINTIFF/PETITIONER: EMMY PADILLA, a minor by and through her
guardian ad litem, CONSUELO PADILLA
DEFENDANT/RESPONDENT: WHIRLPOOL CORPORATION, et al.

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 15 2015

By [signature]
Deputy

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL ☐ EX PARTE | CASE NUMBER: CIVDS 1500094 |
|---|---|

NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): CONSUELO PADILLA                                    is
   a. [X] the parent of (name): EMMY PADILLA
   b. [ ] the guardian of (name):
   c. [ ] the conservator of (name):
   d. [X] a party to the suit.
   e. [ ] the minor to be represented (if the minor is 14 years of age or older).
   f. [ ] another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   CONSUELO PADILLA
   350 ST. ANDREWS STREET
   ONTARIO, CA 91762

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   EMMY PADILLA
   350 ST. ANDREWS STREET
   ONTARIO, CA 91762

4. The person to be represented is:
   a. [X] a minor (date of birth): 12/11/06
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
       Personal injuries resulting from defendant's defective product.

☐ Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL

Legal
Solutions
® Plus

Code of Civil Procedure,
§ 372 et seq.

CIV-010

| PLAINTIFF/PETITIONER: EMMY PADILLA, a minor by and through<br>her guardian ad litem, CONSUELO PADILLA<br>DEFENDANT/RESPONDENT: WHIRLPOOL CORPORATION, et al. | CASE NUMBER:<br>CWDS 1500094 |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):

A guardian ad litem is necessary to protect the rights and interests of Ms. Padilla in her suit against defendants for injuries she sustained as result of their defective product.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☒ related (state relationship): MOTHER

b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

ROBERT MANSELL
_____
(TYPE OR PRINT NAME)                                           ► _____ (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 29, 2014

CONSUELO PADILLA
_____
(TYPE OR PRINT NAME)                                           ► _____ (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: December 29, 2014

CONSUELO PADILLA
_____
(TYPE OR PRINT NAME)                                           ► _____ (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): CONSUELO PADILLA
is hereby appointed as the guardian ad litem for (name): EMMY PADILLA
for the reasons set forth in item 6 of the application.

Date: 1/15/15

JAN 1 5 2015

JUDICIAL OFFICER
Brian McGranville
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]              **APPLICATION AND ORDER FOR APPOINTMENT**
                                            **OF GUARDIAN AD LITEM—CIVIL**              Page 2 of 2

1   ROBERT MANSELL, SBN 128498
2   MANSELL & MANSELL, A.P.C.
    1645 North Vine Street, Suite 306
3   Los Angeles, California 90028-8805
    Telephone:   (323) 466-4900
4   Facsimile:   (323) 466-4999

5   Attorney for Plaintiff
    EMMY PADILLA, a minor by and
6   through her guardian ad litem,
    CONSUELO PADILLA

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 3 2015

By _____
Deputy

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF SAN BERNARDINO

10

11   EMMY PADILLA, a minor by and through    Case No.    CIVDS1500094
    her guardian ad litem, CONSUELO
12   PADILLA, and CONSUELO PADILLA,    **COMPLAINT FOR STRICT PRODUCT**
    Individually,                                  **LIABILITY;  NEGLIGENT PRODUCT**
13                                   **LIABILITY;  BREACH  OF  EXPRESS**
        Plaintiff,                            **AND IMPLIED WARRANTIES;**
14                                     **NEGLIGENT INFLICTION OF**
    v.                                   **EMOTIONAL DISTRESS**
15
    WHIRLPOOL CORPORATION, A Delaware
16   Corporation, and DOES 1 through 100,
    Inclusive,
17
        Defendants.
18

19

20      Plaintiff, EMMY PADILLA, by and through her guardian ad litem, CONSUELO

21   PADILLA, and CONSUELO PADILLA, Individually, and allege:

22

23                          I.

24                   **GENERAL ALLEGATIONS**

25      1.     That the true names and capacities, whether individual, corporate, associate or otherwise

26   of each of the defendants designated herein as a DOE are unknown to plaintiffs at this time, who

27   therefore sue said defendants by such fictitious names, and will ask leave of court for permission to

28   amend this complaint to show their true names and capacities when the same have been ascertained.

MANSELL & MANSELL, A.P.C.
1645 NORTH VINE STREET, SUITE 306
LOS ANGELES, CALIFORNIA 90028-8805
TELEPHONE (323) 466-4900

1

1    Plaintiffs are informed and believe and thereon alleges that each of the defendants designated herein

2    as a DOE is legally responsible in some manner for the events and happenings herein referred to, and

3    caused injuries and damages thereby to plaintiffs as herein alleged.

4        2.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned,

5    the defendant corporations, either specifically or fictitiously named, were and now are corporations,

6    existing under and by virtue of the laws of the State of California, or were and now are foreign

7    corporations, doing business in the State of California.

8        3.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned,

9    each of the defendants was acting as the agent, servant and employee of each of the other defendants,

10   and within the scope of said agency and employment.

11       4.     That at the time and place of the incident in question, defendants, and each of them,

12   their agents, servants and employees became liable to plaintiff for one or more of the reasons described

13   in this complaint herein, and thereby proximately caused plaintiff to sustain damages.

14       5.     Plaintiff, CONSUELO PADILLA is the natural mother to Plaintiff EMMY PADILLA,

15   and they are both residents of Ontario, California.

16       6.     Plaintiffs are informed and believe that Defendant, WHIRLPOOL CORPORATION,

17   is a Delaware Corporation with its principal place of business in Benton Harbor, Michigan. Defendant,

18   WHIRLPOOL CORPORATION was the manufacturer of a KitchenAid Superba side-by-side

19   refrigerator, model number KSBP25INSS01 (hereinafter referred to as the "PRODUCT") which was

20   placed into the stream of commerce by Defendants and eventually sold in San Bernardino County,

21   California.

22       7.     The PRODUCT by clear language on its label represents itself to be a refrigerator.

23   Plaintiff purchased this PRODUCT for this purpose.

24       8.     On or about September 7, 2013, plaintiffs were in the kitchen where they lived at 350

25   St. Andrews Street, Ontario, California.  Plaintiffs were using the PRODUCT in a manner in which

26   it is intended to be used, or at least in a manner which was foreseeable, when said PRODUCT failed

27   due to a strict product liability defect in design, manufacturing, and/or warning, and/or negligence of

28   defendants thereby injuring plaintiffs as described with more detail hereinafter.

MANSELL & MANSELL, A.P.C.
1545 NORTH VINE STREET, SUITE 205
LOS ANGELES, CALIFORNIA 90028-8893
TELEPHONE (323) 466-4900

2

## II.

### AS FOR PLAINTIFF'S FIRST CAUSE OF ACTION FOR
### STRICT PRODUCT LIABILITY AGAINST ALL DEFENDANTS,
### PLAINTIFF EMMY PADILLA ALLEGES:

9.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 8, inclusive as though set forth herein in their entirety, and further alleges:

10.     That at all times herein mentioned, said defendants, and each of them, and their successors, designed, manufactured, built, assembled, introduced into interstate commerce for sale therein, sold, and distributed the hereinabove described PRODUCT to the general public and other ultimate users, which said PRODUCT was intended by defendants, and each of them, to be used for the purposes as heretofore mentioned by the purchaser or such person or persons as any such purchaser might designate as user.

11.     That the PRODUCT was defective, unsafe, hazardous, unfit, and dangerous for its intended use, and the purposes for which it was intended, by reason of defect(s) in its design, assembly, manufacture, construction and warning in that said PRODUCT was comprised of, installed with various parts which had a dangerously sharp and jagged bottom edge.

12.     That at the time and place of the incident in question, plaintiff was using the PRODUCT in a manner consistent with its intended purpose, and/or its foreseeable use and in the manner recommended by defendants, that at said time and place, said PRODUCT, as a direct and proximate result of the defects (i.e. the sharp and jagged bottom edge) thereby directly and proximately causing plaintiff to sustain severe personal injuries and damages as more particularly set forth hereinafter.

13.     That as a direct and proximate result of the matters herein alleged, and of the acts done by defendants, and each of them, as herein alleged, plaintiff was severely injured and was and will be rendered sick, sore and lame and suffered severe and lasting injuries, all to plaintiff's general damage for an amount within the jurisdiction of the Court.

14.     As a direct and proximate result of the matters herein alleged, and of the acts done by defendants, and each of them, as aforesaid, plaintiff was required to and did obtain medical care and attention and incur medical bills therefore, further that plaintiff is informed and believes and thereon

3

MANSELL & MANSELL, A.P.C.
1645 NORTH VINE STREET, SUITE 306
LOS ANGELES, CALIFORNIA 90028-8815
TELEPHONE (323) 466-4900

1   alleges that plaintiff will be required to obtain medical care and attention in the future, in an amount
2   not currently known to plaintiff, but which, together with his other damages, are in an amount within
3   the jurisdiction of this Court.

4

5                                        III.

6               AS FOR PLAINTIFF'S SECOND CAUSE OF ACTION

7         FOR NEGLIGENT PRODUCT LIABILITY AGAINST ALL DEFENDANTS,

8                    PLAINTIFF EMMY PADILLA ALLEGES:

9           15.   Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 14,
10   inclusive as though set forth herein in their entirety, and further alleges:

11          16.   That at the time and place of the incident in question, and prior thereto, defendants, and
12   each of them, and their successors, so negligently, carelessly, recklessly and unlawfully designed,
13   manufactured, built, assembled, created warnings for, inspected, tested, introduced into interstate
14   commerce for sale therein, advertised, recommended and stored the hereinabove described PRODUCT
15   being then and there used by plaintiff.

16          17.   The result of said negligence was the direct and proximate cause of plaintiff's injury
17   and damages, as more particularly set forth above and incorporated herein.

18

19                                        IV.

20              AS FOR PLAINTIFF'S THIRD CAUSE OF ACTION FOR BREACH

21          OF EXPRESS AND IMPLIED WARRANTIES AGAINST ALL DEFENDANTS,

22                    PLAINTIFF EMMY PADILLA ALLEGES:

23          18.   Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 17,
24   inclusive as though set forth herein in their entirety, and further alleges:

25          19.   Associated with the sale of said product to Plaintiff certain warranties were expressly
26   made and other warranties were implied by law.  Plaintiff relied upon said representations and
27   warranties and had no knowledge of the dangerous, unsafe, hazardous, and unfit quality of the
28   aforesaid PRODUCT.

MANSELL & MANSELL, A.P.C.
1645 NORTH VINE STREET, SUITE 306
LOS ANGELES, CALIFORNIA 90028-8905
TELEPHONE (323) 466-4900

4

1   20.   That said PRODUCT was unsafe, hazardous, perilous, insecure, dangerous and unfit

2   when used for the purposes for which it was intended and in the manner recommended by the

3   defendants, and each of them, and their successors, which resulted in plaintiff's injuries and damages,

4   as described hereinabove and incorporated herein.

5

6                                         V.

7                AS FOR PLAINTIFF'S FOURTH CAUSE OF ACTION FOR

8                 NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS,

9                   PLAINTIFF CONSUELO PADILLA ALLEGES:

10   21.   Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through

11   20, inclusive as though set forth herein in their entirety, and further alleges:

12   22.   At all times herein mentioned, plaintiff CONSUELO PADILLA was the natural

13   mother of EMMY PADILLA.   They enjoyed a close, loving, family relationship.   CONSUELO

14   PADILLA was present at the time and place where EMMY PADILLA was severely injured and was

15   a witness to the events alleged herein, and contemporaneously perceived and observed the injury-

16   producing event of her beloved daughter, to wit, plaintiff CONSUELO PADILLA witnessed the bloody

17   laceration received by her daughter, which literally cut a chunk of flesh from her foot, leaving her

18   screaming in pain and profusely bleeding from the injury.

19   23.   That as a direct result of the acts and omissions of defendants, and each of them,

20   plaintiff CONSUELO PADILLA witnessed this horrible scene and suffered and will continue to suffer

21   severe emotional distress.

22   23.   Plaintiffs have been generally damaged in an amount within the jurisdictional

23   limits of this court.

24

25                                        VI.

26                                      PRAYER

27   WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

28   1.   For general damages according to proof;

MANSELL & MANSELL, A.P.C.
1645 NORTH VINE STREET, SUITE 306
LOS ANGELES, CALIFORNIA 90028-8895
TELEPHONE (323) 466-4900

5

1      2.    For past and future medical expenses according to proof;

2      3.    For all other consequential damages, according to proof;

3      4.    For pre-judgment and post-judgment interest;

4      5.    For costs of suit herein incurred; and;

5      6.    For such other and further relief as provided by law and/or as to the court may deem

6            just and proper.

7 Date: December 29, 2014           MANSELL & MANSELL, APC

8

9                         By:

10                            ROBERT MANSELL
                           Attorney for Plaintiff

MANSELL & MANSELL, A.P.C.
1545 NORTH VINE STREET, SUITE 306
LOS ANGELES, CALIFORNIA 90028-8515
TELEPHONE (323) 466-4900

6

# EXHIBIT B

( - DO NOT FILE WITH THE COURT - (

CIV-050

- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.:<br>323-466-4900 | FOR COURT USE ONLY |
|---|---|---|
| ROBERT MANSELL, SBN 120498<br>MANSELL & MANSELL, APC<br>1645 N. VINE STREET<br>SUITE 306<br>LOS ANGELES, CA 90028 | | |

ATTORNEY FOR *(name):* EMMY PADILLA, a minor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN BERNARDINO
  STREET ADDRESS: 247 WEST THIRD STREET
  MAILING ADDRESS: 247 WEST THIRD STREET
  CITY AND ZIP CODE: SAN BERNARDINO, CA 92415-0210
  BRANCH NAME: SAN BERNARDINO DISTRICT - CIVIL DIVISION

PLAINTIFF: EMMY PADILLA, a minor by and through her
DEFENDANT: WHIRLPOOL CORPORATION, et. al.

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

CASE NUMBER:
CIVDS1500094

To *(name of one defendant only):*   WHIRLPOOL CORPORATION
Plaintiff *(name of one plaintiff only):*   EMMY PADILLA
seeks damages in the above-entitled action, as follows:

|  | | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. [X] Pain, suffering, and inconvenience ..................................................... | $ | 500,000.00 |
| b. [ ] Emotional distress ............................................... | $ | |
| c. [ ] Loss of consortium ................................................... | $ | |
| d. [ ] Loss of society and companionship *(wrongful death actions only)* .................. | $ | |
| e. [ ] Other *(specify)* ...................................................... | $ | |
| f. [ ] Other *(specify)* ...................................................... | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. [X] Medical expenses *(to date)* ............................................. | $ | 50,000.00 |
| b. [X] Future medical expenses *(present value)* ..................................... | $ | 50,000.00 |
| c. [ ] Loss of earnings *(to date)* .............................................. | $ | |
| d. [ ] Loss of future earning capacity *(present value)* ................................ | $ | |
| e. [ ] Property damage ..................................................... | $ | |
| f. [ ] Funeral expenses *(wrongful death actions only)* ................................ | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* ............... | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ........ | $ | |
| i. [ ] Other *(specify)* ..................................................... | $ | |
| j. [ ] Other *(specify)* ..................................................... | $ | |
| k. [ ] Continued on Attachment 2.k. | | |

3. [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. .$ _____
   when pursuing a judgment in the suit filed against you.

Date: February 9, 2015

ROBERT MANSELL
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Legal
Solutions
Plus

Code of Civil Procedure, §§ 425.11, 425.115

Page 1 of 2

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: 323-466-4900 | FOR COURT USE ONLY |
|---|---|---|
| ROBERT MANSELL<br>MANSELL & MANSELL, APC<br>1645 N. VINE STREET<br>SUITE 306<br>LOS ANGELES, CA 90028 | | |

ATTORNEY FOR *(name)*: EMMY PADILLA, a minor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
 STREET ADDRESS: 247 WEST THIRD STREET
 MAILING ADDRESS: 247 WEST THIRD STREET
 CITY AND ZIP CODE: SAN BERNARDINO, CA 92415-0210
 BRANCH NAME: SAN BERNARDINO DISTRICT - CIVIL DIVISION

 PLAINTIFF: EMMY PADILLA, a minor by and through her
 DEFENDANT: WHIRLPOOL CORPORATION, et al.

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER: CIVDS1500094

To *(name of one defendant only)*: WHIRLPOOL CORPORATION
Plaintiff *(name of one plaintiff only)*: CONSUELO PADILLA
seeks damages in the above-entitled action, as follows:

1. **General damages**        AMOUNT
   a. [ ] Pain, suffering, and inconvenience .......... $ _____
   b. [X] Emotional distress .......... $ 500,000.00
   c. [ ] Loss of consortium .......... $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* .......... $ _____
   e. [ ] Other *(specify)* .......... $ _____
   f. [ ] Other *(specify)* .......... $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [ ] Medical expenses *(to date)* .......... $ _____
   b. [ ] Future medical expenses *(present value)* .......... $ _____
   c. [ ] Loss of earnings *(to date)* .......... $ _____
   d. [ ] Loss of future earning capacity *(present value)* .......... $ _____
   e. [ ] Property damage .......... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* .......... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* .......... $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* .......... $ _____
   i. [ ] Other *(specify)* .......... $ _____
   j. [ ] Other *(specify)* .......... $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. ,$ _____
   when pursuing a judgment in the suit filed against you.

Date: February 9, 2015

ROBERT MANSELL
(TYPE OR PRINT NAME)     (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

**PROOF OF SERVICE**
**F.R.C.P. Rule 5(b)(2)(3)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502.

On **March 20, 2015**, I served the foregoing documents described as **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION UNDER 28 USC 1441(a) DIVERSITY; DECLARATION OF KURT W. BEYERCHEN, JR.; EXHIBITS "A"-"B"** on all interested parties in this action by enclosing (**X**) a true copy ( ) the original of them in an envelope addressed as follows:

**Robert Mansell, Esq.**
**MANSELL & MANSELL, APC**
**1645 North Vine Street, Suite 306**
**Los Angeles, California 90028-8805**

(**X**)   **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices.   I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

( )   **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2)):** I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

Executed on **March 20**, 2015 at Torrance, California.

(**X**) (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Stephanie Maestas*
Stephanie Maestas

11691038v1

6

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION UNDER 28 USC 1441(a) DIVERSITY; DECLARATION OF KURT W. BEYERCHEN, JR.; EXHIBITS "A"-"B"